IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARILYN C. PETTY                                                          PLAINTIFF

vs.                                 Civil No. 6:09-cv-06030

MICHAEL J. ASTRUE                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Marilyn C. Petty ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff filed her DIB application on December 22, 2003. (Tr. 66-68). In that application, Plaintiff alleged an onset date of December 31, 2000. (Tr. 66). Plaintiff alleged she was disabled due to fibromyalgia, the Epstein-Barr virus or chronic fatigue syndrome[2], a heart flutter, muscle and joint pain, carpal tunnel syndrome in her right hand, and a wire in her left leg. (Tr. 87, 89, 93). This

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff characterizes the Epstein-Barr virus as being the same as chronic fatigue syndrome. (Tr. 329).

1

application was initially denied on March 19, 2004 and was denied again on reconsideration on February 7, 2005. (Tr. 49-52). Thereafter, Plaintiff requested an administrative hearing on her application. (Tr. 65). This hearing request was granted, and a hearing on this matter was held on March 23, 2006 in Hot Springs, Arkansas. (Tr. 289-307). Plaintiff was present and was represented by counsel, Don Pullen, at this hearing. *See id.* Only Plaintiff testified at this hearing. (Tr. 289-307). On the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had completed high school and some cosmetology training. (Tr. 292, 295).

On October 23, 2006, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 141-148). Plaintiff appealed that decision to the Appeals Council, and, thereafter, the Appeals Council entered an order remanding Plaintiff's case back to the ALJ for further consideration of her case. (Tr. 151-153). Specifically, the Appeals Council directed the ALJ to address the following two issues: (1) the severity of Plaintiff's impairments prior to her date last insured ("DLI") and (2) the severity of Plaintiff's mental impairment. *See id.* Additionally, while Plaintiff's request for reconsideration was pending before the Appeals Council, Plaintiff applied for and was granted Supplemental Security Income ("SSI") beginning July 1, 2007. (Tr. 14, 151). Therefore, the time period at issue in this case is *before* July 1, 2007.

Following the Appeals Council's remand of Plaintiff's action, the ALJ held a second administrative hearing on Plaintiff's case on September 9, 2008 in Hot Springs, Arkansas. (Tr. 308-352). Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id.*

Thereafter, on October 27, 2008, the ALJ entered a second unfavorable decision on Plaintiff's

application for DIB. (Tr. 14-31). In this decision, the ALJ determined Plaintiff's insured status for DIB expired on December 31, 2003. (Tr. 17, Finding 1). The ALJ determined Plaintiff may have engaged in Substantial Gainful Activity ("SGA") from her alleged onset date through her DLI. (Tr. 17, Finding 2). The ALJ, however, did not further address this issue because, for the reasons provided in his opinion, he found Plaintiff was not disabled. *See id.* The ALJ determined that, during the relevant time period, Plaintiff did not have a severe physical impairment but did have a severe mental impairment. (Tr. 17-19, Finding 3). However, the ALJ also determined Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-30). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not fully credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the full range of medium work. (Tr. 19-30, Finding 5). The full range of medium work includes the following:

> Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary or light work.

20 C.F.R. § 404.1567(C).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 31, Finding 6). The ALJ found Plaintiff's PRW included work as a horse farm manager and breeder (skilled, medium). *See*

3

*id.* The ALJ determined Plaintiff's RFC did not preclude her from performing that PRW. *See id.* Based upon that determination, the ALJ found Plaintiff was not under a disability, as defined by the Act, at any time from December 31, 2000 (her alleged onset date) through December 31, 2003 (her DLI). (Tr. 31, Finding 7).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 9-10). *See* 20 C.F.R. § 404.968. On February 27, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 6-8). On April 13, 2010, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on May 15, 2009. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ improperly found she did not meet the requirements of a Listing; (B) the ALJ improperly evaluated her RFC; and (C) the ALJ erred by giving an improper hypothetical to the VE. (Doc. No. 7, Pages 1-17). In response, Defendant claims the ALJ properly evaluated Plaintiff's impairments prior to her DLI, properly determined she did not satisfy Listing 1.02, properly assessed her chronic fatigue syndrome, properly assessed her RFC, and properly posed his hypothetical to the VE. (Doc. No. 8, Pages 8-19). This Court will address each of Plaintiff's arguments.

    **A.**    **Listing Determination**

        **1.**    **Chronic Fatigue Syndrome**

Plaintiff claims she suffers from disabling chronic fatigue syndrome or the Epstein-Barr virus. (Doc. No. 7, Pages 7-10). Plaintiff claims this impairment meets the requirements of Listings 1.02 and 1.05. *See id.* Listing 1.02 provides for a disability where a person suffers from a "major dysfunction of a joint(s) due to any cause" and Listing 1.05 provides for a disability where a person suffers from an "amputation (due to any cause)." Plaintiff does not allege she has had an amputation. Thus, this Court will not address whether her impairments meet the requirements of Listing 1.05.

Listing 1.02 requires a showing of the following: a "gross anatomical deformity (e.g., subluxation, contractrue, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). . . . " As clearly stated in this Listing, a claimant must have "findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints." It is Plaintiff's burden to submit this evidence. *See Cox*, 160 F.3d at 1206.

*See also Gonzales v. Barnhart,* 465 F.3d 890, 894 (8th Cir. 2006). Plaintiff, however, has not presented any such evidence during the relevant time period. (Doc. No. 7, Pages 7-10). Therefore, this Court cannot find that her alleged impairments meet the requirements of Listing 1.02.[3]

### 2. Other Impairments

Further, Plaintiff also claims she has "a combination of impairments equal to a listing." (Doc. No. 7, Pages 6). Plaintiff claims her impairments include not only chronic fatigue syndrome but also include the following: fibromyalgia, a "flutter heart," panic attacks, carpal tunnel in her right arm, and a wire in her left leg. *See id.* at 6-7. Plaintiff does not, however, explain how any of those impairments satisfy one of the Listings. *See id.* Plaintiff also does not reference any medical support for her claim that any of her alleged impairments satisfy one of the Listings. *See id.*

There are over a dozen body systems in the Listings that each contain a number of different medical disorders, and Plaintiff has not even indicated to this Court which of her body systems meets the requirements of the Listings. Plaintiff has the burden of establishing that she meets the requirements of one of the Listings. *See Cox*, 160 F.3d at 1206. Since Plaintiff has not indicated to this Court which Listing or Listings she claims to meet, Plaintiff has not met her burden, and this Court finds that Plaintiff has not established that she meets any of the Listings. *See id. See also Vandenboom,* 421 F.3d at 750 (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

---

[3] Under this heading, it also appears Plaintiff argues that the ALJ did not properly evaluate her chronic fatigue syndrome pursuant to SSR 99-2p. (Doc. No. 7, Pages 7-10). Plaintiff extensively recites the requirements for SSR 99-2p in her briefing, but she does not state *how* the ALJ failed to follow the requirements of SSR 99-2p. *See id.* Indeed, Plaintiff even noted chronic fatigue syndrome requires symptoms such as "palpably swollen or tender lymph nodes on physical examination" but does not demonstrate that she has those symptoms. Accordingly, because Plaintiff did not fully brief this issue, this Court rejects this argument "out of hand." *See also Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005).

7

   B.     RFC Determination

Plaintiff claims the ALJ erred in assessing her RFC. (Doc. No. 7, Pages 11-13). First, Plaintiff claims the ALJ "made vague reference" to her medical records "without indicating which portion of the medical evidence he relied upon in determining Plaintiff's residual functional capacity." *See id.* Second, Plaintiff claims the ALJ erred in assessing her RFC because he failed to consider her "non-exertional limitations" that significantly diminish her RFC. *See id.* Plaintiff argues that her "disabilities are clearly more limited than the ALJ's RFC assessment." *See id.* This Court will address both of these arguments.

As to Plaintiff's first argument that the ALJ only "made vague reference" to her medical records in assessing her RFC, this Court finds Plaintiff's claim entirely meritless. In his eighteen-paged opinion, the ALJ extensively outlined Plaintiff's medical records as well as her alleged impairments. (Tr. 17-31). There is no indication that the ALJ's decision is based upon any "vague reference" to her medical records. Indeed, the ALJ evaluated the medical records from the relevant time period (Tr. 103-115) and based his RFC determination upon those records. Notably, the ALJ found that even though Plaintiff had been diagnosed with fibromyalgia and fatigue in May of 2000, there were no objective clinical findings supporting that diagnosis. (Tr. 18-19). The ALJ also found that even though Plaintiff was diagnosed with lymphadenopathy, there was "no documentation of subsequent examinations that revealed the cause of the enlarged lymph node or any other abnormalities consistent with a diagnosis of lymphadenopathy." (Tr. 19).

As to Plaintiff's second argument regarding her nonexertional limitations, this Court also finds that argument is meritless. Based upon this Court's review of the ALJ's opinion in this matter, the ALJ outlined and considered Plaintiff's alleged impairments (Tr. 19) and accounted for those impairments when he determined her RFC. (Tr. 19-32). Thus, this Court finds the ALJ did not err

8

in considering Plaintiff's "nonexertional limitations."[4]

### C. The ALJ's Hypothetical to the VE

Plaintiff claims the ALJ erred by not including her chronic fatigue syndrome in his hypothetical to the VE. (Doc. No. 7, Page 13-15). In support of her argument that her chronic fatigue syndrome should have been included in that hypothetical and in support of her argument that she suffered from chronic fatigue syndrome during the relevant time period, Plaintiff only cites to her testimony at the administrative hearing on September 9, 2008 and *does not cite to any medical records*. *See id.* Indeed, Plaintiff's medical records from the relevant time period do not establish she suffered from chronic fatigue syndrome. (Tr. 103-115). Therefore, her only support for her alleged chronic fatigue syndrome comes from her testimony at the administrative hearing.

In his opinion, the ALJ reviewed Plaintiff's testimony at the administrative hearing regarding her chronic fatigue syndrome, and after analyzing that testimony light of the *Polaski* factors, found it was not credible to the extent she alleged.[5] (Tr. 24-26). After finding Plaintiff's testimony regarding her chronic fatigue syndrome was not entirely credible, the ALJ posed his hypothetical to the VE. (Tr. 341-352). That hypothetical only included those limitations the ALJ found credible and did not include her alleged limitations from her chronic fatigue syndrome. *See id.* The ALJ, however, was not required to include Plaintiff's alleged limitations from her chronic fatigue syndrome. Instead, the ALJ need only include those limitations he found supported by the record.

---

[4] It appears Plaintiff also argues that the ALJ erred in assessing her RFC because he failed to fully consider her degenerative joint disease ("DJD") in her knees. (Doc. No. 7, Page 12). Plaintiff, however, *did not cite to any medical records* from the relevant time period of December of 2000 to December of 2003 establishing she suffered from DJD in her knees. *See id.* Further, this Court has reviewed Plaintiff's medical records from the relevant time period and finds no such evidence. (Tr. 103-115). Accordingly, this Court finds this argument is also without merit.

[5] Plaintiff has not raised the issue of whether the ALJ properly evaluated her subjective complaints in accordance with *Polaski*. (Doc. No. 7). This Court, however, after reviewing the ALJ's opinion dated October 27, 2008 finds no error with that evaluation.

9

*See Howe v. Astrue,* 499 F.3d 835, 842 (8th Cir. 2008). In the present action, the ALJ included those limitations he found supported by the record. (Tr. 341-352). Accordingly, this Court finds that the ALJ did not err in posing his hypothetical to the VE and that the VE's responses to his hypothetical provide substantial evidence supporting the ALJ's disability determination. *See Robson v. Astrue,* 526 F.3d 389, 392 (8th Cir. 2008).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of April, 2010.**

>                                s/ Barry A. Bryant
>                                HON. BARRY A. BRYANT
>                                U. S. MAGISTRATE JUDGE